## OAK CREEK WHITETAIL RANCH, LLC., Appellant,

### v.

### Glendon B. LANGE, et al., Respondents.

### No. ED 94712.

Missouri Court of Appeals, Eastern District.

Nov. 23, 2010.

Dale C. Doerhoff, Heidi Doerhoff Vollett, Jefferson City, MO, for appellant.

William S. Lewis, Mark F. Foglesong, Smithville, MO, Dana M. Harris, Charles A. Edgeller, Kansas City, MO, Christopher P. Rackers, Brad C. Letterman, Jefferson City, MO, for respondents.

ROY L. RICHTER, Chief Judge.

Oak Creek Whitetail Ranch, L.L.C., ("Oak Creek") appeals the trial court's decision to grant summary judgment in favor of Glendon Lange, et al., ("the Defendants"). We reverse.

### I. BACKGROUND

Oak Creek is a deer breeding and hunting business. On December 10, 2006, three dogs, allegedly owned by the Defendants, entered Oak Creek's property, broke through the pen where the breeder deer were kept, and killed twenty one of Oak Creek's deer.

The deer killed were "breeder deer," including bucks, does, and fawns. The

deer killed (and their parents) were all penned and hand-fed, and lacked the defensive abilities of wild deer. The deer were being raised for their genetic ability to produce male offspring with extraordinarily large antler racks. The breeder deer were valuable animals, some selling well into six figures.

Oak Creek sued Defendants under Section 273.020 RSMo 2000[1], which places liability on the dog owner when that dog kills or maims a domestic animal. Defendants filed a motion for summary judgment asserting that deer were not domestic animals. The trial court agreed and granted the motion. Oak Creek appeals.

## II. DISCUSSION

█ In Oak Creek's sole point on appeal, it argues that the trial court erred in granting summary judgment because Oak Creek's breeder deer that were killed are "domestic animals" under Section 273.020. We agree.

Review on appeal of summary judgment is essentially de novo. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

Section 273.020 creates a liability of the owner or keeper of a dog, when said dog kills or maims a sheep or "other domestic animal." Section 273.020. The trial court interpreted the term "domestic animal" to mean "traditional domestic farm animals" such as "cattle, swine, chickens and horses." We find that this interpretation violates the rules of statutory interpretation.

█ "Absent a statutory definition, the primary rule of statutory interpretation is to give effect to legislative intent as re-

flected in the plain language of the statute." *Brinker Mo. Inc. v. Director of Revenue*, 319 S.W.3d 433, 437–38 (Mo. banc 2010). Here, there is no statutory definition of "domestic" so we look to the plain meaning of the word.

Webster's Dictionary defines the word "Domestic," as related to animals, to mean "[l]iving in or near the habitation of man; domesticated; tame; as, domestic animals." *Webster's New International Dictionary* (2nd Ed.). "Domestic Animal" is in turn defined as "[a]ny of various animals, as the horse, ox, or sheep, which have been domesticated by man so as to live and breed in a tame condition." *Id.*

This plain language definition of "domestic" describes Oak Creek's breeder deer. The deer killed have never been in the wild. They were all penned and hand-fed, raised in an environment that did not allow them to move freely beyond their confined area.

Based on the plain language definition of "domestic", we find that the "domestic animals" referred to in Section 273.020 are not limited to solely "traditional domestic farm animals", and would include Oak Creek's breeder deer which had been domesticated and lived and bred in a tame condition. Therefore, the trial court erred in granting the Defendants' summary judgment motion. Point granted.

## III. CONCLUSION

The judgment of the trial court is reversed and the cause is remanded for further proceedings.

KATHIANNE KNAUP CRANE and SHERRI B. SULLIVAN, JJ., concur.

1. *Unless otherwise noted, all further references are to RSMo 2000.*